UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

BINIJUKTYA SEN,

                        Plaintiff,          VERIFIED
                                            COMPLAINT
        -against-                           AND DEMAND FOR
                                            A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
XINPING HUANG, SHIELD #25338,
N.Y.C. POLICE SERGEANT
CHRISTOPHER SIANI, SHIELD #04029,
AND N.Y.C. POLICE OFFICER
"JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

                        Defendants.

-------------------------------------------------------X

    1.   This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

    2.   This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

    3.   Plaintiff is a resident of New York City, New York County, State of New York.

4.  At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5.  At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6.  That upon information and belief NYPD was responsible for the training of its officers.

7.  At all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8.  At all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

<u>FACTS</u>

9.  On or about July 7, 2016, at approximately 8:00 P.M., plaintiff was protesting police brutality with others in the vicinity of 42nd Street and 7th Avenue, in New York, New York, when he was arrested for said act of civil disobedience.

10.  During the arrest plaintiff was unjustifiably thrown to the ground and assaulted by the defendant police officers.

11.  The Defendant officers assaulted plaintiff and used excessive force in effecting his arrest.

12.  As plaintiff was taken to the ground, his wallet and hat, which he was holding in his hand, both fell out of his hand.

13.  Plaintiff said, "My wallet, my hat", and reached out his hand to grab these items. tried to reach out to grab his wallet.

2

14.     At that point, a defendant officer proceeded to hit his outstretched arm, and broke plaintiff's arm (fracture of the humerus bone).

15.     As a result, plaintiff suffered various physical and psychological injuries.

16.     Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent  officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

17.   Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

18.   Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

<u>CONDITIONS PRECEDENT</u>

19.   On August 1, 2016, a Notice of Claim was served upon the Defendant New York City,  setting forth :

1.     The name and post office address of the Claimant and his attorney;

2.     The nature of the claim;

3.  The time when, the place where, and the manner in which the claim arose;

4.  The items of damages and injuries sustained so far as practicable.

20.   The Notices of Claim were served upon the Defendants within 90 days after Plaintiffs' several causes of action accrued.

3

21.  More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

22.  New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

23.  Plaintiff has made himself available to be deposed concerning the justness of his claims as provided by § 50-H of the General Municipal Law.

24.  This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

25.  Plaintiff has duly complied with all of the conditions precedent to commencement of this cause of action.

AS AND FOR A FIRST
CAUSE OF ACTION FOR EXCESSIVE FORCE
(USC § 1983)

26.  Plaintiff reiterates and realleges the facts stated in paragraphs 1-26 as if stated fully herein.

27.  As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

28.  Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

29.  These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

30.  As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

AS AND FOR A SECOND CAUSE
OF ACTION FOR VIOLATION OF CIVIL RIGHTS
(Monell Claim)

31.   Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

32.   Defendant City, through NYC Police Commissioner Kelly, as a municipal policymaker, in the hiring, training and supervision of its employees, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, violating Plaintiff's right to be free from the use of excessive force and from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §. 1983.

33.   As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendant City, Defendant officers committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

AS AND FOR THIRD CAUSE OF ACTION
FOR A FEDERAL CIVIL RIGHTS VIOLATION
(Failure to Intervene)

34.   Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

35.   At the said time and place, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Defendants, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

36.   During the unprovoked assault by various defendant officers, other named defendant officers were present and in close proximity, but unreasonably failed to intervene to prevent plaintiff from sustaining said injuries due to the assault by other officers.

37.   Plaintiff sustained serious, severe and permanent personal injuries as aforesaid for

5

which all Defendants are liable.

38.  The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

## AS AND FOR FOURTH CAUSE OF ACTION FOR
## VIOLATION OF STATE LAW: ASSAULT AND BATTERY

39.  Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

40.   At the said time and place, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Defendants, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

41.  By reason of said assault and battery, including an unlawful strip-search at the precinct, Plaintiff sustained serious, severe and permanent personal injuries as aforesaid for which all Defendants are liable.

42.  The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

## AS AND FOR FIFTH CAUSE OF ACTION FOR
## VIOLATION OF STATE LAW: NEGLIGENCE

43.   Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

44.   At the said time and place, Plaintiff, without any just cause or provocation was negligently injured by Defendants, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

45.  By reason of said negligent act, plaintiff sustained serious, severe and permanent personal injuries as aforesaid for which all Defendants are liable.

46.  The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1.   Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2.   Enter a judgment, jointly and severally, against defendant officers for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3.   Enter a judgment, jointly and severally against Defendant officers for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4.   Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Dated:  New York, New York
        January 31, 2017

**RESPECTFULLY,**

**/s/**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

7

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
      January 31, 2017

                          _____/s/_____
                          STEVEN A. HOFFNER, Esq.
                          (SH-0585)